UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GERALD F. FARR,

                                        Plaintiff,

                  v.

ANDREW SAUL,
Commissioner of Social Security,

                                        Defendant.
_____

                                                          <u>DECISION AND ORDER</u>

                                                          19-CV-0541L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On April 19, 2016, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since November 24, 2013. His application was initially denied. Plaintiff requested a hearing, which was held on June 25, 2018 via videoconference before Administrative Law Judge ("ALJ") Anthony Dziepak. (Administrative Transcript, Dkt. #4 at 12). The ALJ issued a decision on August 9, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #4 at 12-20). That decision became the final decision of the Commissioner when the Appeals Council denied review on March 1, 2019. (Dkt. #4 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #7), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #9), pursuant to

Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

**I.      Relevant Standards**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

**II.     The ALJ's Decision**

Here, the ALJ found that the plaintiff had a severe impairment, consisting of lumbar spine disorder status post multiple remote surgeries, which did not meet or equal a listed impairment.

After summarizing the evidence of record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform sedentary work, lifting and carrying up to ten pounds occasionally, sitting for up to six hours in an eight-hour workday, and standing or walking for up to four hours in an eight-hour workday. However, after thirty minutes of sitting, standing or walking, plaintiff must be able to change positions for five minutes, remaining on task. The claimant must avoid climbing ladders, ropes or scaffolds, balancing on wet, uneven or vibrating surfaces, or crawling. He can no more than occasionally climb ramps or stairs, stoop, kneel, or crouch. He must avoid pushing, pulling, operating foot controls with his right lower extremity, heavy moving machinery, operating vibrating tools or motor vehicles, or similar work setting machinery, as well as unprotected heights. (Dkt. #4 at 15-16).

When asked at the hearing whether there were jobs in the economy that a person with this RFC could perform, vocational expert Larry Takki testified that such an individual could perform the unskilled sedentary positions of address clerk, table worker and touch up screener. (Dkt. #4 at 20).

### III.     The Medical Opinions of Record

The ALJ's decision made detailed findings with respect to plaintiff's RFC, with some reference to plaintiff's medical and surgical history. However, upon review, I find that the record upon which his decision was based is incomplete and inadequate, and as such, the matter must be remanded for the purpose of gathering additional medical opinion evidence.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). The record in this case contained treatment and surgical records establishing plaintiff's longstanding lumbar spine disorder, which multiple surgeries were unable to completely resolve. As such, a thorough assessment and understanding of plaintiff's specific exertional and postural limitations was necessary in order to reach a disability determination supported by substantial evidence.

Nonetheless, the medical opinions of record which the ALJ considered were limited to sporadic statements by plaintiff's treating family physician, Dr. Thomas Bogar, concerning plaintiff's ability to perform a previous job, and the report of a state agency "single decision maker," Jill Tedd. (Dkt. #4 at 66-70, 426-46). The ALJ assigned "limited" weight to Dr. Bogar's statements on the grounds that they were all given prior to the disability onset date (November 24, 2013), during a period of time when plaintiff was actively working as a forklift operator without restrictions. (Dkt. #4 at 18). The ALJ assigned no particular weight to Ms. Tedd's opinion, since

she ultimately declined to opine as to plaintiff's functional limitations: she found that the record before her, which contained only a few treatment records which predated the disability onset date by several years, was insufficient to make a determination. (Dkt. #4 at 18, 68).

The record also contained a functional estimate by treating surgeon Dr. Kevin Gibbons, who stated in 2009 (four years prior to the alleged disability onset date) that plaintiff was disabled at 75% due to his spinal impairment, required the ability to frequently change positions, could lift no more than 10 pounds, could not repetitively bend or twist, and needed to be "careful in avoiding impacts." (Dkt. #4 at 260-61). The ALJ did not weigh this opinion, and may have overlooked it.

The scantiness of the medical opinion evidence in this matter presented a clear gap in the record. Not only did the opinions of Dr. Bogar and Dr. Gibbons fall outside of the period under review, giving them little probative value in the first instance, but their opinions consisted of disability estimates and work-related restrictions which were related piecemeal in treatment notes, with little background or accompanying clinical findings. From the record, it does not appear that any physician, whether treating, examining or reviewing, ever undertook to perform a global assessment of plaintiff's exertional functional capacity at any time.

Given that there was not a single medical opinion of record which objectively assessed plaintiff's specific functional limitations during the period under review, the ALJ should have attempted to obtain an RFC report from a treating physician with respect to plaintiff's condition during the relevant period, and failing that, "should have sought a conclusive determination from a medical consultant" who was able to review the record and perform an in-person evaluation. *Falcon v. Apfel*, 88 F. Supp. 2d 87, 90 (W.D.N.Y. 2000). *See generally* 20 C.F.R. §404.1519a(b)(4) (an ALJ must order a consultative examination when a "conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved"). Failure to complete the record, and/or a resultant

failure to support an RFC determination with substantial evidence rather than with the ALJ's speculative interpretation of raw medical evidence, is reversible error: remand for further development of the record is therefore appropriate here. *See Falcon*, 88 F. Supp. 2d 87 at 90. *See generally Aurilio v. Berryhill*, 2019 U.S. Dist. LEXIS 157839 at *23 (D. Conn. 2019)(where ALJ rejects all medical opinions in the record, an evidentiary gap is created); *Smith v. Commissioner*, 337 F. Supp. 3d 216, 226 (W.D.N.Y. 2018)(where the ALJ rejects all medical opinion evidence and the record "does not contain a useful assessment of [p]laintiff's limitations," remand for development of the record is appropriate).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #7) is granted, and the Commissioner's cross-motion (Dkt. #9) is denied.

The Commissioner's decision that plaintiff, Gerald F. Farr, was not disabled is reversed, and the matter is remanded for further proceedings. Upon remand, the Commissioner is instructed to request RFC reports (and, to the extent he deems necessary, updated treatment records) from plaintiff's treating source(s), and/or to order consultative examinations, sufficient to permit the redetermination of plaintiff's RFC and disability status upon a full and complete record.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 3, 2020.